**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GERARDO GOMEZ-JIMENEZ )
ADC # 155297 )
    Petitioner, )    **Case No. 5:15-CV-00244 JM-JTK**
v. )
)
WENDY KELLEY, Director, )
Arkansas Department of Correction )
    Respondent. )

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Gerardo Gomez-Jimenez on July 27, 2015 (Doc. No. 2).  Respondent Wendy Kelley filed a response on August 21, 2015 (Doc. No. 7).  Petitioner filed a Reply on September 16, 2015 (Doc. No. 8) and a Supplement on December 16, 2015 (Doc. No. 9).  After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

### Background

On July 11, 2013, a Washington County, Arkansas, jury found Petitioner guilty of rape of a minor.  Petitioner received a 768 month sentence in the Arkansas Department of Correction (ADC) (Doc. No. 7-1).[1]  Petitioner did not directly appeal his convictions.

On April 7, 2015, Petitioner filed a motion for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (Doc. No. 7-2).  The Washington County, Arkansas, Circuit Court entered an order on June 22, 2015, dismissing the petition because Petitioner did not verify

---

[1] According to an ADC inmate search, Petitioner is also serving a 180-month sentence from Sebastian County, Arkansas, for second-degree sexual assault.

it or file it within ninety days of entry of judgment (Doc. No. 7-3).   Arkansas Supreme Court records indicate that Petitioner filed a notice of appeal on October 1, 2015.  The Criminal Justice Coordinator for the Arkansas Supreme Court notified Petitioner via letter dated September 29, 2015, that his brief was due no later than Monday, November 9, 2015.  Petitioner filed his brief on November 16, 2015, and that same date, the Criminal Justice Coordinator informed Petitioner by letter that the clerk declined to file the brief because it was tendered late.  The Criminal Justice Coordinator advised Petitioner that, should he resubmit the brief, it must be accompanied by a motion to file a belated brief bearing his notarized signature.  On December 18, 2015, the State of Arkansas filed a Motion to Dismiss the appeal for failure to file a timely brief.  The Arkansas Supreme Court dismissed the appeal on February 25, 2016.  *Gomez-Jimenez v. State of Arkansas*, Arkansas Supreme Court Case No. CR-15-794.  The Criminal Justice Coordinator wrote Petitioner on February 25, 2016, to inform him that the Arkansas Supreme Court granted the State of Arkansas's Motion to Dismiss his appeal without written opinion.

Respondent admits that Petitioner is in her custody and that he had no unexhausted, non-futile state remedies available to him.  Respondent denies, however, that Petitioner is entitled to an evidentiary hearing or habeas relief.

### Discussion

Petitioner now requests relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) prosecutorial misconduct, 2) actual or constructive denial of the effective assistance of trial counsel and appellate counsel, 3) denial of the right of direct appeal, and 4) ineffective assistance, or the lack thereof of collateral first-stage Rule 37 counsel.  However, the merits of these claims will not be addressed because Petitioner's claims are time-barred.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner had thirty days from July 11, 2013, to file a notice of appeal.  *See* Rule 2, Arkansas Rules of Appellate Procedure –Criminal.  Petitioner's time to file a notice of appeal expired on Monday, August 12, 2013.  The Antiterrorism and Effective Death Penalty Act 's (AEDPA) statute of limitation thus began running on August 13, 2013.[2]  *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Fed. R. Civ. P. 6(a) to AEDPA statute of limitations).  Thus, Petitioner had until August 13, 2014, to file his federal habeas petition.  Accordingly, when Petitioner filed his federal habeas petition on July 27, 2015, more than one year had passed, and the statute of limitations had run.

The Rule 37 petition did not toll the statute of limitations because it was filed after the statute of limitations had already run.  A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court.  *See* § 2244(d)(2).  However,"[t]he one year AEDPA limit for habeas filing cannot be tolled after it has expired."  *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006).

Construing Petitioner's Reply and Supplement liberally, he suggests that equitable tolling is appropriate in this case.  "To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

[2] When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day."  Ark. R. App. P. – Crim. R. 17.  In 2013, August 11 fell on a Sunday.  Because August 11 was a Sunday, the time for filing the notice was Monday, August 12.

way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  It is an exceedingly narrow window of relief.  *See Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).  "[E]quitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition" or where the "conduct of the defendant has lulled the plaintiff into inaction." *Glassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (internal quotation marks omitted).  The Court will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights. *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007).

Petitioner appears to claim that trial counsel failed to perfect any direct appeal or a no-merit appeal, although he was never allowed to withdraw.  He also argues he did not waive his right to first appeal.  The impediment to filing, however, must be created by state action.  28 U.S.C. § 2244(d)(1)(B); *see Holbird v. Armstrong-Wright*¸ 949 F.2d 1019, 1020 (8th Cir. 1991) (finding conduct of counsel, whether retained or appointed, does not constitute state action). Accordingly, equitable tolling is not appropriate, and Petitioner's petition is time-barred.

`IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 3rd day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE